IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

OSHAY JOHNSON,

    Plaintiff,                    No. 2:13-cv-1730 KJN P

    vs.

CALIFORNIA DEPARTMENT
OF CORRECTIONS AND
REHABILITATION, et al.,

    Defendants.             <u>ORDER</u>

        Plaintiff is a state prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison

1

trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

1   (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more
2   than "a formulaic recitation of the elements of a cause of action;" it must contain factual
3   allegations sufficient "to raise a right to relief above the speculative level."  Id.  However,
4   "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair
5   notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551
6   U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal
7   quotations marks omitted).  In reviewing a complaint under this standard, the court must accept
8   as true the allegations of the complaint in question,  id., and construe the pleading in the light
9   most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other
10  grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff's Allegations

Plaintiff claims that Proposition 9, also known as "Marsy's Law," was misapplied to his sentence because the plain language of the proposition applies to homicide victims, and because plaintiff was not convicted of homicide, the law should not have been applied to increase his term of incarceration.  In his second claim, plaintiff asserts that defendants violated his right to due process and his equal protection rights by failing to timely set plaintiff's Minimum Eligible Parole Date ("MEPD"), allegedly resulting in plaintiff not being granted a timely parole hearing, and depriving him of a parole hearing for seven years.  In his third claim, plaintiff alleges his due process and equal protection rights were violated, and new procedures were applied to plaintiff's sentence, in violation of the Ex Post Facto clause, because defendants revised plaintiff's MEPD from 2003 to 2012, allegedly increasing his punishment.  Plaintiff argues that the retroactive application of "Jefferson, 86 Cal. Rptr.2d 89 (1999)"[1] violates the Ex Post Facto Clause.  In his fourth claim, plaintiff alleges that the CDCR/Board of Prison Hearings ("BPH") psychologist

---

[1] It appears plaintiff refers to People v. Jefferson, 21 Cal.4th 86, 95-96, 86 Cal.Rptr.2d 893 (1999) (defendant sentenced to indeterminate term of life in prison must serve at least seven years . . . .").

3

classified plaintiff as a moderate risk inmate rather than a low risk inmate based upon plaintiff's diagnosis as having an "antisocial personality Behavior Disorder," classified as a mental disorder. Plaintiff claims that he requested treatment for his mental disorder, but that he was denied such treatment, and informed that there was no evidence of such a disorder. (ECF No. 1 at 9.) Plaintiff argues that the BPH's use of the psychological evaluation to deny him parole requires them to provide mental health treatment. Plaintiff affirmatively states he brings this action as a civil rights complaint under 42 U.S.C. § 1983. (ECF No. 1 at 5.)

Although plaintiff references several exhibits to his pleading, no exhibits were provided. (ECF No. 1, *passim*.)

Application

Plaintiff names eleven individuals as defendants. The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658, 692 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

////

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979) (no liability where there is no evidence of personal participation). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

Here, with the exception of the warden, plaintiff fails to identify each individual's job description. Moreover, plaintiff includes no charging allegations for any individual; in other words, plaintiff failed to describe the act or omission each defendant took or failed to take that allegedly resulted in the denial of a constitutional right.

Plaintiff names the California Department of Corrections and Rehabilitation, as well as the Board of Parole Hearings, as defendants in this action. The Eleventh Amendment bars suits for damages brought by private parties against a state or state agency unless the state or the agency consents to such suit. See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978) ( per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982). Although the Eleventh Amendment is not jurisdictional, the court may raise the defect on its own. Wisconsin Department of Corrections v. Schacht, 524 U.S. 381, 389 (1998); Edelman v. Jordan, 415 U.S. 651, 677-78 (1974). In the instant case, the State of California has not consented to suit. Accordingly, to the extent plaintiff seeks monetary damages, his claims against the CDCR and the BPH are legally frivolous and must be dismissed.

Morever, although plaintiff claims he seeks declaratory and injunctive relief, plaintiff failed to set forth the specific relief he requests.

Finally, plaintiff is cautioned that to the extent he is attempting to challenge the duration of his confinement, such challenges must proceed by application for writ of habeas corpus rather than by civil rights complaint. Indeed, the court notes that plaintiff has previously challenged his underlying conviction, as well as the subsequent denial of parole, through habeas proceedings in this court. See Johnson v. Sisto, Case No. 2:08-cv-0496 MCE KJM (E.D. Cal.) (challenge to 1993 conviction; denied on the merits); Johnson v. Yates, Case No. 1:09-cv-1355 OWW SMS (Fresno Div., E.D. Cal.) (claimed that the CDCR and BPH allegedly misinterpreted the trial court's sentence and improperly denied an initial parole hearing until 2015; court found claim barred by the statute of limitations);[2] Johnson v. Dickinson, Case No. 2:10-cv-1841 MCE EFB (E.D. Cal.) (challenging BPH's delay of plaintiff's initial parole consideration hearing by seven years; found to be successive challenge based on plaintiff's Case No. 1:09-cv-1355 OWW SMS); Johnson v. Board of Parole Hearings, Case No. 2:11-cv-2748 GGH (E.D. Cal.) (due process challenge to 2009 BPH decision unavailing because transcript reflected plaintiff was present and represented by counsel, and that both counsel and petitioner presented "many, many arguments to the Board and responded to the Board's questions," thus satisfying the minimum due process requirements of Swarthout v. Cooke, 131 S. Ct. 859, 861 (2011).); Johnson v. Singh, Case No. 2:12-cv-2230 (E.D. Cal.) (due process challenge based on prison's refusal to provide treatment for plaintiff's "antisocial personal disorder," resulting in the denial of parole, does not render his confinement unconstitutional because plaintiff does not have a right protected by the Due Process Clause to be rehabilitated so that he may be paroled.);[3] Johnson v. Unknown, Case No. 13-cv-

---

[2] In addition, the court noted that "any challenge to the imposition of Proposition 9 is not yet ripe for review because at the time he filed the instant petition he had not had a parole consideration hearing at which Proposition 9 was applied." Case No. 1:090-cv-1355 OWW SMS, ECF No. 19 at 5 n.1. The court also found that plaintiff only alleged violations of state law, for which habeas relief is unavailable. Id. at 5.

[3] Plaintiff was also informed that:

To the extent petitioner seeks only medical treatment and not earlier release from

0878 (E.D. Cal.) (challenge to 1993 conviction dismissed because successive in light of 2:08-cv-0496 MCE KJM).

Plaintiff is further cautioned that he cannot re-litigate claims previously resolved on the merits. The doctrine of res judicata, also known as claim preclusion, protects "litigants from the burden of relitigating an identical issue" and promotes "judicial economy by preventing needless litigation." Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 (1979). The court bars a claim where there is an identity of claims, a final judgment on the merits, and privity between parties. See Mpoyo v. Litton Electro-Optical Sys., 430 F.3d 985, 987 (9th Cir. 2005). Therefore, plaintiff cannot re-litigate his claim that his due process rights were violated during the 2009 parole hearing, because such claims were heard, on the merits, in Case No. 2:11-cv-2748 GGH.[2] Plaintiff cannot re-litigate his claim concerning mental health treatment as it pertains to his 2009 parole hearing because it was addressed in Case No. 2:12-cv-2230. Plaintiff's due process and mental health treatment claims, as articulated in the instant complaint, are barred by res judicata. If plaintiff believes that prison officials have been deliberately indifferent to his serious mental health needs, in violation of the Eighth Amendment, plaintiff must first exhaust such claims through the prison administrative appeals process,[4] and may then file a civil rights complaint

---

> prison, he may bring an action pursuant to 42 U.S.C. § 1983 for a violation of the Eighth Amendment. The Eighth Amendment's prohibition of cruel and unusual punishment extends to medical care of prison inmates. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). In order to state a § 1983 claim for violation of the Eighth Amendment based on inadequate medical care, a prison inmate must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id.

[2] Case No. 2:12-cv-2230 WBS CKD (ECF No. 6 at 2 n.1.)

[4] In his complaint, plaintiff concedes his failure to exhaust administrative remedies, claiming that "there is no grievance for the arguments against the Board. Exhaustion is attained through court." (ECF No. 1 at 2.) Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). Exhaustion is a prerequisite for all prisoner suits regarding conditions of confinement, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532.

7

1 provided he can allege facts demonstrating such deliberate indifference.

2   In addition, plaintiff appears to be a member of the first certified class in <u>Gilman v.
3 Schwarzenegger et al.</u>, Case No. 2:05-cv-0830 LKK CKD P, in which prisoners raise, *inter alia*,
4 an ex post facto challenge to Proposition 9 deferral provisions.  <u>Gilman v. Brown</u>, 2013 WL
5 1904424, *1 and n.1 (E.D. Cal. May 7, 2013); <u>see also</u> <u>West v. Valenzuela</u>, 2013 WL 4039053
6 (C.D. Cal. 2013) (West was member of <u>Gilman</u> class because he was (1) a California state
7 prisoner (2) sentenced to a term of life in prison; and (3) sentenced before the November 8, 2008
8 effective date of Proposition 9/Marsy's Law.").  Because <u>West</u> might still obtain relief from
9 Marsy's Law in the <u>Gilman</u> action, he could only proceed through <u>Gilman</u>, not by filing his own
10 individual lawsuit.  West, 2013 WL 4039053 at *6.

11   Similarly here, plaintiff is a California state prisoner, sentenced to life in state prison, and
12 sentenced before the effective date of Marsy's Law.  Thus, plaintiff must proceed with the class
13 members in <u>Gilman</u>, and may not raise an ex post facto challenge, or argue that Proposition 9
14 was wrongfully and retroactively applied to plaintiff, in any amended complaint.

15 <u>Conclusion</u>

16   Based on the above, the court dismisses plaintiff's complaint without prejudice.  It is
17 unclear whether plaintiff can amend his complaint to state a cognizable civil rights claim.
18 However, in an abundance of caution, the court will grant him leave to file an amended
19 complaint.  Although the Federal Rules adopt a flexible pleading policy, a complaint must give
20 fair notice and state the elements of the claim plainly and succinctly.  <u>Jones v. Cmty Redev.
21 Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of
22 particularity overt acts which defendants engaged in that support plaintiffs claim.  <u>Id.</u>
23 ////

24 ―――――――――――
25   In addition, to state a section 1983 claim for a constitutional violation based on inadequate
26 medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976).

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo, 423 U.S. at 371. Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Duffy, 588 F.2d at 743. Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey, 673 F.2d at 268.

In addition, plaintiff is hereby informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

        a. The completed Notice of Amendment; and

        b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

DATED: August 28, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/john1730.14

10

1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT
9                  FOR THE EASTERN DISTRICT OF CALIFORNIA
10  OSHAY JOHNSON,
11          Plaintiff,                  No. 2:13-cv-1730 KJN P
12      vs.
13  CALIFORNIA DEPARTMENT
    OF CORRECTIONS AND
14  REHABILITATION, et al.
                                        NOTICE OF AMENDMENT
15          Defendants.
16  _____/
17          Plaintiff hereby submits the following document in compliance with the court's
18  order filed _____:
19          _____          Amended Complaint
20  DATED:
21
22
                                        _____
23                                      Plaintiff
24
25
26