UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSHAY JOHNSON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>J. JOHNSTON, et al.,<br><br>　　　　　Defendants. | No. 2:13-cv-1730 KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights complaint. Plaintiff's amended complaint is before the court. After careful review of the amended complaint, as well as plaintiff's other filings in the Eastern District of California, plaintiff's amended complaint should be dismissed without leave to amend.

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1

Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff's Allegations

In his amended complaint, plaintiff names 18 individuals as defendants: the current and former wardens of the California Medical Facility ("CMF"); various correctional case managers or records managers, and correctional staff who reviewed administrative appeals; a medical doctor, psychiatrist, and two psychologists; and nine members of the Board of Prison Hearings

////

("BPH"). Plaintiff also names the California Department of Corrections and Rehabilitation ("CDCR") as a defendant.

In his first claim for relief, plaintiff contends that his attempted premeditated murder conviction does not carry a term of 15 years to life, and that defendants applied a 2000 CDCR memorandum to increase his prison sentence to 23 years to life, retroactively in violation of the Ex Post Facto Clause. The 2000 memorandum provided sentencing instructions pursuant to People v. Jefferson, 86 Cal. Rptr. 2d 893 (1999), which found "that the minimum term for a 'life' term under P.C. Section 186.22 is 15 calendar years." (ECF No. 10 at 45.) Specifically, the memo instructed that inmates sentenced to a life term, when it was charged and proven that the offense was committed for the benefit of, at the direction of, or in association with any criminal street gang, and with the specific intent to promote, further, or assist in any criminal street gang activity, "shall not be paroled until a minimum of 15 calendar years have been served." (ECF No. 10 at 45.) Plaintiff contends that the memo does not provide for retroactive application of such new instructions, and resulted in the unconstitutional delay of plaintiff's parole hearings and a wrongful change to plaintiff's MEPD.[1]

In his second claim for relief, plaintiff contends that he was denied parole on June 3, 2009, "partly due to a psychiatric report which diagnosed him with an antisocial personality disorder ("ASPD")." (ECF No. 10 at 9.) Plaintiff argues that despite Dr. Starrett's report diagnosing plaintiff with ASPD, prison officials refuse to provide plaintiff with mental health treatment so

---

[1] Plaintiff also claims that he filed a state tort action alleging that the BPH and CDCR failed in their duties, and argues that the state court agreed, citing a tentative ruling issued on August 4, 2011. (ECF No. 10 at 8, citing Pl.'s Ex. D [ECF No. 10 at 40-42].) However, the Sacramento County Superior Court did not find in plaintiff's favor on the merits of his claim; rather, the superior court denied the state defendants' motion for judgment on the pleadings. (ECF No. 10 at 41.) The state defendants argued that they did not have authority to alter plaintiff's sentence, but the superior court found that the "duty to follow administrative procedures is distinct from the question of authority to alter an inmate's sentence." Id. Thus, the superior court found plaintiff had pled sufficient facts to allege that the state defendants breached duties owed to plaintiff, which meant that plaintiff's claim could proceed to trial. However, plaintiff was granted leave to file an amended complaint, and plaintiff provided no further documentation as to the ultimate resolution of this claim in state court.

that he can become eligible for parole.[2] Plaintiff notes that other mental health professionals opine that plaintiff does not have symptoms of ASPD and thus no treatment is required. Plaintiff claims the doctors had a duty to treat him, and that despite their failure to treat him, continue to use Dr. Starrett's report to deny plaintiff parole.

In his third claim for relief, plaintiff alleges that he has been unsuccessful in his efforts to correct his sentence for attempted premeditated murder and the minimum eligible parole date ("MEPD") in prison records used by the BPH in determining whether plaintiff is eligible for parole. Plaintiff claims he received an amended abstract of judgment prepared by records manager K. Fox, but that there is still an error. Plaintiff contends that during the 2009 hearing, the BPH conceded that plaintiff's hearing was approximately seven years too late, and that plaintiff had missed at least three hearings. Plaintiff claims that the BPH then applied Marsy's Law retroactively, and denied plaintiff parole for another five years.

Plaintiff seeks only injunctive relief. Plaintiff asks the court to bar the BPH from using the psychological evaluation that found plaintiff suffers from ASPD, bar the CDCR and BPH from applying the 2000 memorandum retroactively to plaintiff's sentence, and to record plaintiff's sentence and term as 8 years consecutive to the straight life term, where plaintiff is to serve half time on the 8 years being completed in 1996, and plaintiff is to serve 7 years on the straight life term becoming eligible in 2002, one year before the completion of the 7th year, with instructions that plaintiff could not be paroled until the completion of 15 calendar years which was completed in 2007. (ECF No. 10 at 15.) Plaintiff contends he has no adequate remedy at law, and is in danger of suffering irreparable injury unless the court issues the requested injunction. (Id.)

Background

On May 7, 1993, plaintiff was sentenced to a term of fifteen years, eight months in prison followed by a term of fifteen years to life with the possibility of parole. Johnson v. Sisto, Case

---

[2] As plaintiff was previously informed, plaintiff does not have a due process right to be rehabilitated so that he may be paroled. Johnson v. Singh, Case No. 2:12-cv-2230 (E.D. Cal.) (ECF No. 5 at 6:19-20.)

4

No. 2:08-cv-0496 MCE KJM P (E.D. Cal.) (ECF No. 38 at 5.) The original abstract of judgment provided that the indeterminate term was to be served consecutively to the determinate term. Id. (ECF No. 38 at 5-6.) Plaintiff filed habeas petitions in the state court raising various sentencing issues, and the California Supreme Court asked the Attorney General to file an informal reply, addressing the conflict between the superior court's oral pronouncement of judgment and the abstract of judgment. Id. (ECF No. 38 at 7.) On August 8, 2007, the respondent notified the court that CDCR's Legal Processing Unit sent a letter to the superior court, asking whether the determinate portion of plaintiff's sentence was to be served consecutively or concurrently to the indeterminate portion, a decision which could have an impact on plaintiff's minimum eligible parole date ("MEPD"). Id. The California Supreme Court denied plaintiff's habeas petition on October 10, 2007. Id.

On August 16, 2007, the Sacramento County Superior Court issued an amended abstract of judgment showing a total determinate term of fifteen years, eight months, and an indeterminate term of fifteen years to life concurrent to the determinate sentence. Id.

> The amended abstract for the determinate term is signed on "8/15/07 nunc pro tunc to 5/27/93"; the amended abstract for the indeterminate term is signed on "8/14/07 nunc pro tunc to 7/29/93." The document is identified as an "amended abstract of judgment" and lists the date the judgment was imposed as May 7, 1993.

Id. The district court found that plaintiff had not been re-sentenced in 2007; rather, the amended abstracts recorded the sentence as announced by the trial court in 1993:

> At the original sentencing proceeding, the court sentenced petitioner to two life terms for attempted murder and mayhem, but stayed the term for the mayhem. The court noted that because of the gang allegations under California Penal Code § 186.22(b)(2), petitioner must serve a minimum of fifteen calendar years of his life term before being eligible for parole. It also sentenced petitioner to a total determinate term of fifteen years, eight months to be served concurrently with the life term.

Johnson v. Sisto, Case No. 2:08-cv-0496 MCE KJM P (ECF No. 38 at 10-11.) The district court ultimately dismissed plaintiff's habeas petition as barred by the statute of limitations. Id. (ECF No. 41.)

Moreover, plaintiff has filed additional challenges, many of which raise issues similar to those alleged in plaintiff's amended complaint:

5

In <u>Johnson v. Yates</u>, Case No. 1:09-cv-1355 OWW SMS (Fresno Div., E.D. Cal.), plaintiff filed a petition for writ of habeas corpus, claiming that the CDCR and BPH allegedly misinterpreted the trial court's sentence and improperly denied an initial parole hearing until 2015. <u>Id.</u> (ECF No. 19 at 4-5.) The court found plaintiff's claims were barred by the statute of limitations, and that plaintiff failed to state a cognizable federal claim because plaintiff only alleged violations of state law. <u>Id.</u> (ECF Nos. 19 at 5-6; 24 at 2.)

In <u>Johnson v. Dickinson</u>, Case No. 2:10-cv-1841 MCE EFB (E.D. Cal.), plaintiff filed a petition for writ of habeas corpus, challenging, *inter alia*, the BPH's delay of plaintiff's initial parole consideration hearing by seven years. <u>Id.</u> (ECF No. 23 at 2-3.) The court granted respondent's motion to dismiss, finding plaintiff's petition was second or successive, <u>id.</u> (ECF Nos. 19 at 5-6; 27), based on plaintiff's Case No. 1:09-cv-1355 OWW SMS.

In <u>Johnson v. Board of Parole Hearings</u>, Case No. 2:11-cv-2748 GGH (E.D. Cal.), plaintiff filed another habeas petition raising a due process challenge to the 2009 BPH decision, which the court found unavailing because the transcript reflected plaintiff was present and represented by counsel, and that both counsel and petitioner presented "many, many arguments to the Board and responded to the Board's questions," thus satisfying the minimum due process requirements of <u>Swarthout v. Cooke</u>, 131 S. Ct. 859, 861 (2011).

In <u>Johnson v. Singh</u>, Case No. 2:12-cv-2230 (E.D. Cal.), plaintiff filed a habeas petition raising a due process challenge based on the prison's refusal to provide treatment for plaintiff's "antisocial personal disorder," allegedly resulting in the denial of parole. <u>Id.</u> (ECF No. 6 at 1-2.) The magistrate judge found that plaintiff does not have a right protected by the Due Process Clause to be rehabilitated so that he may be paroled and the fact that he was not receiving treatment for the "personality disorder" did not otherwise render his confinement unconstitutional. <u>Id.</u> (ECF No. 6 at 2.) Because plaintiff failed to present a valid challenge to the fact or duration of his confinement, the petition was dismissed. <u>Id.</u> (ECF No. 10.)

Finally, in <u>Johnson v. Unknown</u>, Case No. 13-cv-0878 (E.D. Cal.), plaintiff filed a habeas petition challenging his 1993 conviction, which was dismissed because the petition was a second or successive petition. <u>Id.</u> (ECF No. 6 at 2.)

Legal Standards

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law. A litigant alleging a due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 459-60 (1989).

California's parole scheme gives rise to a liberty interest in parole protected by the federal Due Process Clause. McQuillion v. Duncan, 306 F.3d 895, 902 (9th Cir. 2002), overruled on other grounds by Swarthout v. Cooke, 131 S. Ct. 859, 861-62 (2011) (finding the Ninth Circuit's holding in this regard to be a reasonable application of Supreme Court authority); Pearson v. Muntz, 2011 WL 1238007, at *4 (9th Cir. Apr.5, 2011) ( "[Swarthout v.] Cooke did not disturb our precedent that California law creates a liberty interest in parole.") In California, a prisoner is entitled to release on parole unless there is "some evidence" of his or her current dangerousness. In re Lawrence, 44 Cal.4th 1181, 1205-06, 1210 (2008); In re Rosenkrantz, 29 Cal. 4th 616, 651-53 (2002).[3]

There are two distinct components to the standing inquiry when a plaintiff requests prospective injunctive relief. First, in order to satisfy the constitutional requirements for standing, the plaintiff must demonstrate a credible threat of future injury which is sufficiently concrete and particularized to meet the "case or controversy" requirement of Article III. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). Second, to establish an entitlement to injunctive relief, the plaintiff must allege not only a likelihood of future injury, but also show an imminent threat of irreparable harm. City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983).

////

---

[3] However, under Cooke, federal district courts court may not review whether California's "some evidence" standard was correctly applied. 131 S. Ct. at 862-63; see also Miller v. Oregon Bd. of Parole and Post–Prison Supervision, 642 F.3d 711, 716 (9th Cir. 2011) (In Cooke, "The Supreme Court held . . . that in the context of parole eligibility decisions the due process right is procedural, and entitles a prisoner to nothing more than a fair hearing and a statement of reasons for a parole board's decision.").

The imminent threat showing is a separate jurisdictional requirement, arising independently from Article III, that is grounded in the traditional limitations on the court's power to grant injunctive relief. Lyons, 461 U.S. at 111 (the preconditions for equitable relief, including the requirement that the plaintiff face a real and immediate risk of personal harm, should not be slighted); Hodgers-Durgin v. de la Vina, 199 F.3d 1037, 1042 (9th Cir. 1999) (the court may not exercise jurisdiction over a suit for equitable relief unless the plaintiff demonstrates a likelihood of imminent and irreparable injury, a necessary prerequisite for such relief). Although a past injury presumably affords a plaintiff standing to claim damages, it "does nothing to establish a real and immediate threat that he would again suffer similar injury in the future." Adarand Constructors, Inc. v. Pena, 515 U.S. 200, 210-11 (1995). "[A]bsent a threat of immediate irreparable harm, the federal courts should not enjoin a state to conduct its business in a particular way." Hodgers-Durgin, 199 F.3d 1037, 1042 (9th Cir. 1999). A plaintiff must demonstrate that the threat of recurrence is real, rather than a "speculative possibility." Lyons, 461 U.S. at 109.

Analysis

Initially, the court is required to consider whether it has jurisdiction over this action. Here, that question turns on the nature of the relief that plaintiff seeks and an assessment of whether the challenge necessarily implies the invalidity of plaintiff's conviction and his continuing confinement.

In Preiser v. Rodriguez, the Supreme Court held that a habeas action, rather than a suit under § 1983, is the proper vehicle for a state prisoner to challenge "the fact or duration of his confinement." 411 U.S. 475, 489 (1973). Actions under § 1983 are not cognizable when the prisoner seeks "immediate release from prison" or a shortening of the term of confinement. Id. at 482. The Court expanded on this principle in Heck v. Humphrey, explaining that even when a plaintiff seeks monetary damages rather than a speedier release, federal courts may not consider § 1983 claims that impugn the lawfulness of confinement. See Heck, 512 U.S. 477, 485 (1994). When a state prisoner's challenge "necessarily impl[ies] . . . the invalidity of" a prison disciplinary, the action must be pursued through a petition for a writ of habeas corpus. See Edwards v. Balisok, 520 U.S. 641, 648 (1997); see also Butterfield v. Bail, 120 F.3d 1023, 1024-

25 (9th Cir. 1997) (holding that § 1983 action against parole board defendants who considered false information in denying parole was not cognizable because "the remedy [plaintiff] ultimately seeks is parole"); <u>Crow v. Penry</u>, 102 F.3d 1086, 1087 (10th Cir. 1996) (same).[4]

In 2005, the Supreme Court clarified that § 1983 actions remain available to state prisoners whose claims "would not necessarily" imply the invalidity of their confinement or "spell immediate or speedier release." <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 81 (2005). The Court explained that § 1983 claims are cognizable when "[s]uccess for [the plaintiff] does not mean immediate release from confinement or a shorter stay in prison," but "means at most new eligibility review, which at most will speed *consideration* of a new parole application." <u>Id.</u> at 82 Thus, the prisoner may not seek "an injunction ordering his immediate or speedier release into the community." <u>Id.</u>

<u>Improper Sentence</u>

Here, the gravamen of plaintiff's first and third claims is that he has been improperly sentenced. While plaintiff's characterization of his claim does not necessarily challenge the length of his confinement or the fact of his guilt, his sentencing claims ultimately call into question the duration of his confinement, and, if successful, would require this court to vacate a state court judgment. Plaintiff's allegations, and this court's records, reflect that plaintiff's 1993 conviction and sentence have not been invalidated. Thus, plaintiff's sentencing claims are barred by <u>Heck</u>. Moreover, as plaintiff was previously informed:

> A federal court has no basis for disputing a state's interpretation of its own law. <u>Clemons v. Mississippi</u>, 494 U.S. 738, 739-40 (1990). "[T]he availability of a claim under state law does not of itself establish that a claim was available under the United States Constitution." <u>Sawyer v. Smith</u>, 497 U.S. 227, 239 (1990), quoting, <u>Dugger v. Adams</u>, 489 U.S. 401, 409 (1989).

<u>Johnson v. Yates</u>, 1:09-cv-1355 OWW SMS (E.D. Cal. December 17, 2009) (ECF No. 19 at 5-6.)

---

[4] In <u>Balisok</u>, the Court was careful to note that a claim for prospective injunctive relief that would bar future unconstitutional procedures may be properly brought pursuant to § 1983. <u>Balisok</u>, 520 U.S. at 648 ("Ordinarily, a prayer for such prospective relief will not 'necessarily imply' the invalidity of a previous loss of good-time credits, and so may properly be brought under § 1983.").

9

Therefore, to the extent plaintiff contends he is sentenced in error, plaintiff must seek appropriate relief from the state courts. Plaintiff's sentencing claims should be dismissed.

### Missed Parole Hearings

To the extent plaintiff seeks injunctive relief related to those parole hearings he allegedly missed, such a claim is unavailing. While plaintiff may seek damages based on a past injury, such past injuries do not establish a threat of immediate irreparable harm, and thus plaintiff cannot seek injunctive relief based on missed parole hearings.

### Calculation of the MEPD

In his May 29, 2008 administrative grievance, plaintiff claimed that his MEPD should be January 18, 1998, and not September 2, 2008. (ECF No. 10 at 29.) His grievance was partially granted, and his MEPD was re-calculated to April 7, 2004. (ECF No. 10 at 30.) In the December 29, 2011 third level appeal decision, plaintiff's MEPD was noted as March 22, 2012. (ECF No. 10 at 24.) Plaintiff argues that his MEPD is still inaccurately calculated. The BPH has the power and authority to grant paroles, but the CDCR sets a prisoner's MEPD. See In re Dayan, 231 Cal. App. 3d 184 (1991). Therefore, even assuming defendants failed to properly calculate plaintiff's MEPD, the only relief the court could order would be a recalculation of plaintiff's MEPD. Because plaintiff has already passed his MEPD, and has had his initial parole consideration hearing, the court cannot order injunctive relief as to such a claim. Plaintiff's claims concerning his MEPD should be dismissed.

### Marsy's Law/Ex Post Facto Claim

To the extent plaintiff is again attempting to raise a Marsy's Law claim, or Ex Post Facto claim based on the application of Marsy's Law, such claim is barred because plaintiff is a member of the Gilman class action. (ECF No. 5 at 8.) Moreover, in Gilman, the Ninth Circuit overturned a district court decision in Gilman v. Davis, 690 F.Supp.2d 1105 (E.D. Cal. 2010), granting preliminary injunctive relief to plaintiffs in a class action seeking to prevent the BPH from enforcing the increased deferral periods established by a recent amendment to Cal. Penal Code § 3041.5. Gilman v. Schwarzenegger, 2011 WL 198435 (9th Cir. Jan.24, 2011). The Ninth Circuit concluded that plaintiffs had failed to demonstrate a significant risk that their

incarceration would be prolonged by application of Marsy's Law, and thus found that plaintiffs had not established a likelihood of success on the merits of their ex post facto claim. Id. In reversing, the Ninth Circuit found that the availability of expedited hearings by the BPH removes any possibility of harm to prisoners who experience changes in circumstances between hearings. Gilman, 638 F.3d at 1109.

### Due Process/Administrative Appeals

Plaintiff names as defendants correctional staff who reviewed plaintiff's administrative appeals. However, prisoners have no stand-alone due process rights related to the administrative grievance process. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific grievance process). Put another way, prison officials are not required under federal law to process inmate grievances in a specific way or to respond to them in a favorable manner. Because there is no right to any particular grievance process, plaintiff cannot state a cognizable civil rights claim for a violation of his due process rights based on allegations that prison officials denied or failed to properly process grievances. See, e.g., Wright v. Shannon, 2010 WL 445203 at *5 (E.D. Cal. Feb.2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); Williams v. Cate, 2009 WL 3789597 at *6 (E.D. Cal. Nov.10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims."). Plaintiff's claims based on defendants' role in the administrative appeal process should also be dismissed.

### Medical Professional Defendants

Plaintiff names a medical doctor and three mental health professionals as defendants. Such medical professionals cannot provide plaintiff with the requested injunctive relief. These medical professionals cannot control whether or when plaintiff is scheduled for a parole hearing or what evidence the BPH considers at his parole hearings, or remove and/or redact his report from all BPH and prison files. Therefore, plaintiff fails to state a claim for injunctive relief against Dr. Bick, C. Herndon, Ph.D., R. Helot, Psy. D., or K. Alexander, Ph.D.

////

Dr. Starrett's Report

In his second claim, plaintiff seeks a court order barring the BPH from considering Dr. Starrett's report that diagnosed plaintiff with ASPD, based on his allegation that mental health professionals refuse to treat plaintiff for ASPD. However, as plaintiff was previously informed, plaintiff does not have a right protected by the Due Process Clause to be rehabilitated so that he may be paroled, and the fact that he is not receiving treatment for ASPD does not otherwise render his being confined unconstitutional. Johnson v. Singh, Case No. 2:12-cv-2230 CKD (E.D. Cal. Oct. 15, 2012) (ECF No. 6 at 2.) Because plaintiff does not have a due process right to be treated so that he may parole, there is no basis for injunctive relief on his claim for medical care in this context.

In addition, plaintiff fails to explain how the BPH's use of Dr. Starrett's report violated plaintiff's rights arising under federal law. See Reece v. Smith, 2010 WL 5317440, *2 (E.D. Cal. Dec. 20, 2010) (claim for injunctive relief failed to state a claim upon which relief can be granted because plaintiff failed "to point to any federal law indicating that defendant, by drafting a false psychological evaluation for use at a parole hearing, violated plaintiff's rights arising under federal law and the court is not aware of any such law.") Plaintiff's claim for injunctive relief based on Dr. Starrett's report, and defendants' failure to provide plaintiff mental health treatment for ASPD, should also be dismissed.

Conclusion

For all of the above reasons, the court finds that plaintiff fails to state a claim upon which relief can be granted, and this case should be closed.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign a district judge to this case; and

IT IS RECOMMENDED that:

1. Plaintiff's amended complaint be dismissed; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 20, 2013

/john1730.56a

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE