UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

OSHAY JOHNSON,

Plaintiff,

v.

J. JOHNSTON, et al.,

Defendants.

No. 2:13-cv-1730 KJM KJN P

ORDER AND FINDINGS AND RECOMMENDATIONS

I. Introduction

Plaintiff is a state prisoner, proceeding without counsel. On December 20, 2013, the undersigned recommended that plaintiff's amended complaint be dismissed. Subsequently, plaintiff filed a motion to amend, accompanied by a proposed second amended complaint, a motion to file late exhibits, objections to the findings and recommendations, and a motion to expand the record to include documents reflecting that his request to appeal the 2013 Comprehensive Risk Assessment was denied. Plaintiff's motions regarding exhibits and documents are granted, and the court turns now to plaintiff's motion to amend.

II. Motion to Amend

Rule 15(a)(1) of the Federal Rules of Civil Procedure provides that:

A party may amend its pleading once as a matter of course within:

////

(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Id. Plaintiff has previously amended his complaint. Nonetheless, Rule 15(a)(2) provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Granting or denying a motion to amend is a matter within the district court's discretion. See, e.g., Ventress v. Japan Airlines, 603 F.3d 676, 680 (9th Cir. 2010).

Plaintiff has now amended his complaint to reduce the number of individuals named as defendants, and to include only one of his three initial claims. Good cause appearing, plaintiff's motion to amend is granted. Therefore, the findings and recommendations are vacated, and the court will now screen plaintiff's second amended complaint. After careful review of the second amended complaint, as well as plaintiff's exhibits submitted in support, the court finds that plaintiff's second amended complaint should be dismissed without leave to amend.

III.  Screening

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief must have facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff's Allegations

In his second amended complaint, plaintiff names as defendants the California Department of Corrections and Rehabilitation ("CDCR"); Matthew Cates, Director of the CDCR; and the Board of Parole Hearings ("Board"). Plaintiff contends that he was denied parole on June 3, 2009, due to the psychological evaluation conducted by Board psychologist Dr. Starrett, diagnosing plaintiff with an antisocial personality disorder ("ASPD"). (ECF No. 19 at 5.) Plaintiff argues that despite Dr. Starrett's evaluation, prison officials refuse to provide plaintiff with mental health treatment for ASPD so that he can become eligible for parole. Plaintiff also notes that other CDCR mental health professionals opine that plaintiff does not have symptoms of mental illness and thus no treatment is required, yet these professionals refuse to provide plaintiff with such an evaluation or chrono. (ECF No. 19 at 6.) Plaintiff claims the doctors had a duty to treat him, and that despite their failure to treat him, the Board continues to use Dr. Starrett's evaluation to deny plaintiff parole. Plaintiff seeks only declaratory and injunctive relief. Plaintiff

3

asks the court to bar the Board from using Dr. Starrett's psychological evaluation.

Background

On May 7, 1993, plaintiff was convicted of attempted murder and other offenses, and sentenced to a term of fifteen years, eight months in prison followed by a term of fifteen years to life with the possibility of parole. Johnson v. Sisto, Case No. 2:08-cv-0496 MCE KJM P (E.D. Cal.) (ECF No. 38 at 5.) On August 16, 2007, the Sacramento County Superior Court issued an amended abstract of judgment showing a total determinate term of fifteen years, eight months, and an indeterminate term of fifteen years to life concurrent to the determinate sentence. (ECF No. 38 at 7.) In plaintiff's first habeas case, the district court found that plaintiff had not been re-sentenced in 2007; rather, the amended abstracts recorded the sentence as announced by the trial court in 1993, sentencing plaintiff to a total determinate term of fifteen years, eight months to be served concurrently with the life term, and requiring plaintiff to serve a minimum of fifteen years of his life term before being eligible for parole. Johnson v. Sisto, Case No. 2:08-cv-0496 MCE KJM P (ECF No. 38 at 10-11.) Ultimately, the district court dismissed plaintiff's habeas petition as barred by the statute of limitations. Id. (ECF No. 41.)

In addition, plaintiff has filed other habeas petitions, some of which raise issues similar to those alleged in plaintiff's second amended complaint:

In Johnson v. Board of Parole Hearings, Case No. 2:11-cv-2748 GGH (E.D. Cal.), plaintiff filed another habeas petition raising a due process challenge to the 2009 Board decision, which the court found unavailing because the transcript reflected plaintiff was present and represented by counsel, and that both counsel and plaintiff presented "many, many arguments to the Board and responded to the Board's questions," thus satisfying the minimum due process requirements of Swarthout v. Cooke, 131 S. Ct. 859, 861 (2011).

In Johnson v. Singh, Case No. 2:12-cv-2230 (E.D. Cal.), plaintiff filed a habeas petition raising a due process challenge based on the prison's refusal to provide treatment for plaintiff's "antisocial personal disorder," allegedly resulting in the denial of parole. Id. (ECF No. 6 at 1-2.) The magistrate judge found that plaintiff does not have a right protected by the Due Process Clause to be rehabilitated so that he may be paroled and the fact that he was not receiving

treatment for the "personality disorder" did not otherwise render his confinement unconstitutional. Id. (ECF No. 6 at 2.) Because plaintiff failed to present a valid challenge to the fact or duration of his confinement, the petition was dismissed. Id. (ECF No. 10.)

Finally, in Johnson v. Unknown, Case No. 13-cv-0878 (E.D. Cal.), plaintiff filed a habeas petition challenging his 1993 conviction, which was dismissed because the petition was a second or successive petition. Id. (ECF No. 6 at 2.)

On June 3, 2009, the Board found plaintiff unsuitable for parole because he remained a "present risk of danger if released," due to his "past and present mental state, [his] minimization, [his] lack of insight when the [Board member] read that document to [plaintiff] that [plaintiff] wrote, Dr. Starrett's report, dated 1/1/08, is not totally supportive of release, overall propensity for violence is moderate, [plaintiff's] serious misconducts while . . . incarcerated, the mental state, remorse, the unstable social history, and, finally, [plaintiff's] life crime." (ECF No. 15 at 5-6.)

Legal Standards

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law. A litigant alleging a due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 459-60 (1989).

California's parole scheme gives rise to a liberty interest in parole protected by the federal Due Process Clause. McQuillion v. Duncan, 306 F.3d 895, 902 (9th Cir. 2002), overruled on other grounds by Swarthout v. Cooke, 131 S. Ct. 859, 861-62 (2011) (finding the Ninth Circuit's holding in this regard to be a reasonable application of Supreme Court authority); Pearson v. Muntz, 639 F.3d 1185, 1190-91 (9th Cir. 2011) ("[Swarthout v.] Cooke did not disturb our precedent that California law creates a liberty interest in parole.") In California, a prisoner is entitled to release on parole unless there is "some evidence" of his or her current dangerousness. In re Lawrence, 44 Cal.4th 1181, 1205-06, 1210 (2008); In re Rosenkrantz, 29 Cal. 4th 616, 651-53 (2002). However, under Cooke, federal district courts court may not review whether

5

1  California's "some evidence" standard was correctly applied. 131 S. Ct. at 862-63; see also
2  Miller v. Oregon Bd. of Parole and Post-Prison Supervision, 642 F.3d 711, 716 (9th Cir. 2011)
3  (In Cooke, "The Supreme Court held . . . that in the context of parole eligibility decisions the due
4  process right is procedural, and entitles a prisoner to nothing more than a fair hearing and a
5  statement of reasons for a parole board's decision.").

6  Nonetheless, state prisoners may challenge the constitutionality of state parole procedures
7  in an action under Section 1983 seeking declaratory and injunctive relief. Wilkinson v. Dotson,
8  544 U.S. 74, 76 (2005). In Wilkinson, the United States Supreme Court addressed the issue of
9  whether an inmate could challenge a parole denial via § 1983 rather than habeas corpus.
10 Wilkinson, 544 U.S. at 74. The Court determined that an inmate may initiate a § 1983 action to
11 seek invalidation of "state procedures used to deny parole eligibility . . . and parole suitability,"
12 but he may not seek "an injunction ordering his immediate or speedier release into the
13 community." Wilkinson, 544 U.S. at 82. At most, an inmate can seek as a remedy "consideration
14 of a new parole application" or "a new parole hearing," which may or may not result in an actual
15 grant of parole. Id. In other words, the Wilkinson case identifies parole claims that are not barred
16 by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Section 1983 remains available for
17 procedural challenges where success in the action would not necessarily spell immediate or
18 speedier release for the prisoner. Id. at 81 ("[H]abeas remedies do not displace § 1983 actions
19 where success in the civil rights suit would not necessarily vitiate the legality of (not previously
20 invalidated) state confinement.")

21  Analysis

22  Here, plaintiff does not challenge the constitutionality of parole procedures, but rather
23 challenges the evidentiary basis for his individual denial of parole; thus, plaintiff fails to state a
24 cognizable claim for relief. See Johnson v. Shaffer, 2013 WL 5934156, *7-8 (E.D. Cal. Nov. 1,
25 2013) (distinguishing constitutional challenges under Wilkinson). Plaintiff alleges that his rights
26 were violated when, in denying him parole in 2009, the Board relied on Dr. Starrett's evaluation
27 stating plaintiff suffers from ASPD, yet prison officials refuse to treat plaintiff for same. Plaintiff
28 seeks a court order barring the Board from considering Dr. Starrett's report that diagnosed

plaintiff with ASPD, based on his allegation that mental health professionals refuse to treat plaintiff for ASPD.

However, plaintiff fails to explain how the Board's use of Dr. Starrett's report violated plaintiff's rights arising under federal law. See Reece v. Smith, 2010 WL 5317440, *2 (E.D. Cal. Dec. 20, 2010) (claim for injunctive relief failed to state a claim upon which relief can be granted because plaintiff failed "to point to any federal law indicating that defendant, by drafting a false psychological evaluation for use at a parole hearing, violated plaintiff's rights arising under federal law and the court is not aware of any such law.") Plaintiff's reliance on involuntary commitment cases is inapposite. (ECF No. 19 at 9.) Unlike the persons detained in or committed to mental hospitals, plaintiff is legally confined to prison by virtue of his criminal conviction. Moreover, it would be futile to grant leave to amend this claim because a federal court's review of parole proceedings is limited to the narrow question of whether the prisoner received "fair procedures" that provide a meaningful opportunity to be heard and a statement of reasons why parole was denied. Cooke, 131 S. Ct. at 860. "[I]t is no federal concern . . . whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied." Id. at 863.

Finally, plaintiff asks whether plaintiff has a constitutional right to treatment for his ASPD. (ECF No. 19 at 8.) However, plaintiff also alleges that subsequent psychological evaluations indicated plaintiff showed no symptoms of mental illness requiring treatment. (ECF No. 19 at 6.) Prison staff are not required to treat symptoms that do not exist. "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976).) The two prong test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992).) Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's

pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060.) Thus, in order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health. . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Plaintiff's second amended complaint alleges no such facts.

Accordingly, plaintiff's second amended complaint should be dismissed.

IV. Futility of Amendment

As set forth above, federal courts are instructed to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, a district court may, in its discretion, deny leave to amend "due to 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" Leadsinger, Inc. v. BMG Music Publ'g., 512 F.3d 522, 532 (9th Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

Here, as nothing in the second amended complaint or the attached record suggests that the Board's procedures violated plaintiff's constitutional rights so as to be actionable under § 1983, the undersigned concludes that amendment would be futile and recommends that the complaint be dismissed with prejudice.

V. Conclusion

For all of the above reasons, the court finds that plaintiff fails to state a claim upon which relief can be granted, and this case should be dismissed.

IT IS HEREBY ORDERED that:

1. Plaintiff's motion to file late exhibits (ECF No. 18) is granted;

2. Plaintiff's March 21, 2014 motion (ECF No. 21) is granted;

3. Plaintiff's motion to amend (ECF No. 17) is granted;

4. The December 20, 2013 findings and recommendations (ECF No. 12) are vacated; and

////

////

IT IS RECOMMENDED that:

1. Plaintiff's second amended complaint (ECF No. 19) be dismissed with prejudice; and
2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 16, 2014

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

john1730.56b